IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIXTOS MERLAN (A #090-402-463), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3648 |
| | § | |
| ERIC HOLDER, JR., | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Sixtos Merlan (A #090-402-463), has filed a petition for a writ of

habeas corpus to challenge an order of removal.  The respondent has filed a motion to

dismiss the petition for lack of subject matter jurisdiction [Doc. # 8].  Merlan has filed a

response [Doc. # 12], to which the respondent has submitted a reply [Doc. # 13].  After

reviewing all of the pleadings and the applicable law, the Court concludes that the petition

must be dismissed for reasons discussed briefly below.

## I.    BACKGROUND

Merlan is a native and citizen of Mexico.  According to the pleadings, he entered the

United States in 1977, when he was a one-year-old child.  On January 23, 1990, Merlan

adjusted his status to that of a Lawful Permanent Resident.  In 1996, Merlan entered a guilty

plea in the 185th District Court of Harris County, Texas, to charges of engaging in organized

criminal activity in connection with the commission of auto theft.  In exchange for this plea,

Merlan was granted deferred adjudication and placed on community supervision (*i.e.*,

probation) for 6 years.  On August 7, 1998, Merlan's probation was revoked.  At that time, Merlan was adjudicated guilty of the underlying offense, and sentenced to 2 years' imprisonment.

On March 15, 1999, Merlan received a Notice to Appear, advising him that immigration officials were placing him in removal proceedings [Doc. # 1, Ex. C].  The Notice alleged that Merlan was subject to removal from the United States under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1227(a)(2)(A)(iii), due to his conviction for an "aggravated felony," as that term is defined by immigration statutes.  *See* 8 U.S.C. § 1101(a)(43).  Merlan admitted to the allegations outlined in the Notice and, sometime thereafter, he was removed from the United States.

Merlan, who remains in Mexico, now requests a writ of habeas corpus to challenge the validity of the removal order under 28 U.S.C. § 2241 on the grounds that he was denied effective assistance of counsel during his underlying state court criminal proceedings.  The respondent has filed a motion to dismiss, arguing that Merlan is not "in custody" for purposes of habeas corpus review and, moreover, that jurisdiction is precluded by the REAL ID Act. The parties' contentions are discussed further below under the governing standard of review.

## II.     STANDARD OF REVIEW

The respondent has filed a motion to dismiss the petition for lack of subject matter jurisdiction, which is governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. Federal courts are "courts of limited jurisdiction, having 'only the authority endowed by the Constitution and that conferred by Congress.'" *Halmekangas v. State Farm Fire and Cas.*

*Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (citations omitted).  As such, the existence of subject matter jurisdiction may be challenged at any stage in the litigation and may be raised by the district court on its own motion.  *See Nguyen v. Dist. Director, Bureau of Immigration and Customs Enforcement*, 400 F.3d 255, 260 (5th Cir. 2005) (citations omitted); *see also B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir. Unit A 1981) (stating that "where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal court poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect").

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted).  The district court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  When considering whether subject matter jurisdiction exists, a district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Krim*, 402 F.3d at 494.  The party seeking federal court review bears the burden of demonstrating

3

that jurisdiction is proper. *See Lara v. Trominski*, 216 F.3d 487, 491 (5th Cir. 2000) (citing *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)).

### III.    DISCUSSION

#### A.    Custody

The respondent maintains that habeas review under 28 U.S.C. § 2241 is not available because Merlan does not meet the custody requirement. According to the plain terms of the statute, a United States district court has jurisdiction to entertain a petition for habeas corpus relief only from a "prisoner" who is "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). Thus, for jurisdiction to attach, a federal habeas corpus petitioner must be "in custody" at the time his petition is filed. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

It is undisputed that Merlan has not been incarcerated or detained by any government agency or official since his release from prison and subsequent removal from the United States. Merlan maintains, nevertheless, that petitioner need not be in physical custody to obtain habeas corpus review. *See Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963) (holding that parolee is "in custody" because restrictive conditions of parole "significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do"). A petitioner may satisfy the custody requirement for habeas corpus jurisdiction if he shows that, as a result of action by a state or federal criminal court, he is "subject to restraints not shared by the public generally." *Id.* at 240.

4

As grounds for custody, Merlan points to the executed final order of removal which excludes him from returning to the United States. A final order of deportation has been held sufficient to satisfy the "custody" requirement for a writ of habeas corpus where that order has yet to be executed. *See Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 735 (5th Cir. 2005). As the respondent notes, however, Merlan's final order of removal was executed several years ago and he is no longer restrained because of it. The respondent observes further that, although Merlan has been excluded from the United States as the result of his prior removal, he does not allege facts showing that he is currently subject to restraints that are not shared by the public generally.

As other courts have recognized, a non-citizen who has been removed from the United States "'is subject to no greater restraint than any other non-citizen living outside American borders.'" *Kumarasamy v. Att'y Gen. of United States*, 453 F.3d 169, 173 (3d Cir. 2006) (quoting *Miranda v. Reno*, 238 F.3d 1156, 1159 (9th Cir. 2001)). Thus, "executed removal orders do not satisfy the custody requirement for a habeas corpus petition." *Villela v. Hinojosa*, 730 F. Supp. 2d 624, 629 (W.D. Tex. 2010) (dismissing the petition for lack of subject matter jurisdiction); *see also Miranda*, 238 F.3d at 1159 (holding that "[i]mmigrants who have already been removed, such as [the petitioner], do not satisfy the 'in custody' requirement of habeas corpus jurisdiction"); *Patel v. U.S. Attorney Gen.*, 334 F.3d 1259, 1263 (11th Cir. 2003) (observing that, while "removal from the United States may limit [the petitioner's] opportunities to re-enter this country, this does not constitute a severe restraint on his individual liberty" and does not satisfy the custody requirement for habeas corpus

review).  Because Merlan does not satisfy the custody requirement for habeas corpus review

under 28 U.S.C. § 2241, the Court lacks subject matter jurisdiction over the petition and the

respondent's motion to dismiss must be granted.

Alternatively, even if Merlan could satisfy the custody requirement, the petition must

be dismissed for other reasons outlined further below.[1]

### B.      The REAL ID Act

The respondent maintains in the alternative that the Court lacks jurisdiction over the

subject matter of Merlan's challenge.    Merlan complains that the removal order was

wrongfully entered because he was denied effective assistance of counsel.  In particular,

Merlan asks this Court to vacate his state court conviction and the final order of removal that

was issued against him in 1999, thereby reinstating his status as a Lawful Permanent

Resident [Doc. # 1, at 7].  Thus, the petition plainly constitutes a collateral attack on the

validity of his final order of removal.

This Court lacks jurisdiction to consider a challenge to the order of removal under the

REAL ID Act of 2005, codified as amended at 8 U.S.C. § 1252(a).  Section 106 of the REAL

ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), has amended the

immigration statutes governing judicial review, codified at 8 U.S.C. § 1252(a), by adding the

---

[1]      The respondent notes further that Merlan has not identified a custodian or a person having
custody of him for purposes of habeas corpus review.  *See* 28 U.S.C. § 2244 (requiring a
petitioner to name as respondent the person having custody); *Rumsveld v. Padilla* 542 U.S.
426, 435 (2004) ("The custodian . . . is the person with the ability to produce the prisoner's
body before the habeas court.").  Merlan's failure to identify a proper custodian is another
basis for finding that this Court lacks subject matter jurisdiction. *See Samirah v. O'Connell*,
335 F.3d 545, 552 (7th Cir. 2003).

following jurisdictional restriction which makes a petition for review to the applicable circuit

court of appeals the "sole and exclusive means of judicial review" for orders of removal:

> **Exclusive Means of Review —** Notwithstanding any other provision of law
> (statutory or nonstatutory), including section 2241 of Title 28, or any other
> habeas corpus provision, and sections 1361 and 1651 of such title, a petition
> for review filed with an appropriate court of appeals in accordance with this
> section shall be the sole and exclusive means of judicial review of an order of
> removal entered or issued under any provision of this Act, except as provided
> in subsection (e) of this section.

8 U.S.C. § 1252(a)(5).   The REAL ID Act "divested district courts of jurisdiction over

removal orders and designated the courts of appeals as the sole forums for such challenges

via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8

U.S.C. § 1252(a)(5)).  Because the REAL ID Act precludes jurisdiction over petitions of the

sort filed in this case, this Court has no authority to consider the claims or to vacated the

removal order.  Merlan does not dispute that the REAL ID Act applies and he does not

otherwise allege or show that there is another valid basis for jurisdiction.  Accordingly, the

petition will be dismissed for lack of jurisdiction.

**IV.    CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1.      The respondent's motion to dismiss [Doc. # 8] is **GRANTED**.

2.      This case is **DISMISSED** for lack of jurisdiction.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on <u>April 12</u>, 2011.

Nancy F. Atlas
United States District Judge